UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MARIA DAVILA,                                              Case No:  8:12CV2428

      Plaintiff,

Vs.

UTOPIA HOME CARE, INC. and
DAVID MARTINEZ, individually,

      Defendants.

_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, by and undersigned counsel, hereby file this, their Answer and Affirmative Defenses, and state as follows:

1.      Defendants admit that Maria Davila was an employee of Utopia Home Care, Inc.; deny that David Martinez "employed" her in a manner giving rise to a FLSA cause of action; admit that the Complaint purports to bring the causes of action listed; but deny that any of the causes of action asserted or described have merit.

2.      Denied.

3.      Defendants are without knowledge as to what time periods Plaintiff would view as falling within the "approximate" time period described, and therefore deny; Defendants deny that this was the precise time frame in which Davila was employed, although Defendants admit that Plaintiff was employed during a portion of the date range described.  Denied to the extent the paragraph suggests Defendant Martinez bears individual liability under the FLSA.

4.      Denied.

5.      Denied that Utopia Home Care, Inc. is operated in Palm Beach County; admit that David Martinez partially owns Utopia Home Care, Inc.; denied that David Martinez operates

Utopia Home Care, Inc. in a manner that would render him individually liable to the extent the paragraph suggests the same.  Defendants are without knowledge as to whom the Plaintiff intends to refer to through the use of the term "Plaintiffs," as there is currently only one named Plaintiff, and are without knowledge as to whom the Plaintiff considers "similarly situated" and therefore denies to that extent.  Defendants are also without knowledge if the same persons referenced would fall within the personal jurisdiction and venue of this Court, and therefore deny that portion of paragraph 5.

6.     Defendants are without knowledge as to the Plaintiff's intended meaning of the phrase "at all times material hereto," as the Complaint describes a time period that appears to fall outside the applicable statute of limitations in part; Defendants are also unable to ascertain if the Plaintiff's allegations references that entire time period as "material," or only part, and therefore must deny for lack of knowledge.  Paragraph 6 is also a legal conclusion, rather than a factual allegation, and to the extent the Defendants have not adequately described why they have denied the factual predicate of the legal conclusion, assert that no response is required to a legal conclusion under the Federal Rules of Civil Procedure.

7.     Defendant is without knowledge as to the Plaintiff's intended meaning of "similarly situated employees," and therefore denies.

8.     Admit that the Complaint purports to seek relief under the causes of action described; Defendants deny that the Plaintiffs are entitled to any recovery; and Defendants are without knowledge as to the intended meaning of "material time" or whom the Plaintiff considers "similarly situated," and therefore denies the paragraph to the extent it is unable to ascertain the meaning of those terms as used.

9.     Admit that the Defendants maintain records concerning the number of hours worked by the Plaintiff; without knowledge as to whom the Plaintiff considers "similarly situated," and therefore denies to that extent for lack of knowledge.

10.     Admit that the Defendants maintain records concerning the compensation paid to the Plaintiff; without knowledge as to whom the Plaintiff considers "similarly situated," and therefore denies to that extent for lack of knowledge.

11.     Paragraph 11 is solely comprised of a legal conclusion, to which no answer is required, but to the extent any response is necessary, Defendants state this Court has jurisdiction to consider cases appropriately brought under the statutes described.  Defendants deny that any of the claims brought are appropriately filed against them.  Defendants would further state that the Court may exercise supplemental jurisdiction over state law claims, but that it is not mandated to do so, and it is within the Court's discretion to decline to exercise supplemental jurisdiction.

12.     Paragraph 12 contains a legal conclusion to which no response is required.  To the extent any response is necessary, Defendants deny, as the term "operation" is not defined in the subsections of the statute described; Defendants are therefore unable to ascertain the intended use of that term, and deny to the extent it alleges that the Defendants owned an "operation." Defendants are without knowledge as to the time period that the Plaintiff believes is "pertinent" or what the "time material" is believed to be, and therefore also deny.  Defendants admit, however, that Utopia Home Care, Inc. grossed in excess of $500,000 for each year in which Davila was employed.

13.     Denied, as the Defendants are without knowledge as to whom the Plaintiff considers similarly situated.  Defendants are also without knowledge as to the intended breadth

of the phrase "interstate commerce," as the phrase is a legal term of art which is modified from time to time and interpreted differently by decisional authority of the federal courts.

14.     Denied.

15.     Defendants are without knowledge as to whom the Plaintiff is referring to, and therefore deny.  Defendants also deny that any potential party did not receive appropriate pay. Defendants further deny that there are any third parties who would properly be joined as plaintiffs who are non-exempt, who did not receive appropriate pay.

16.     Defendants admit that the Plaintiff has retained the Jaffe Glenn Law Group, P.A. to represent her.  Defendants are without knowledge as to whether the Plaintiff has incurred attorneys' fees and costs, and are without knowledge as to the fee arrangement between the Plaintiff and the law firm representing her, and therefore deny that portion of the paragraph. Defendants deny that the Plaintiff is entitled to recover attorney's fees, as the Complaint is improvidently filed.  To the extent that the paragraph asserts a legal conclusion, no response is required.

## COUNT I-
## RECOVERY OF MINIMUM WAGE UNDER FLSA

17.     Defendants reassert their previous answers herein.

18.     Denied.

19.     Denied.  The Plaintiff is exempt from the minimum wage requirements of the FLSA.

20.     Denied, as the Defendants properly pay all their employees.  To the extent the Defendants are without knowledge as to whom the Plaintiff considers similarly situated, Defendants also deny.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

## COUNT II-
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

25.     Defendants reassert their previous answers herein.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION (STATE LAW)[1]

32.     Defendants reassert their previous answers herein.

33.     Denied.  Plaintiff is exempt from minimum wage requirements.

34.     Denied.

35.     Denied.  Defendants are further without knowledge as to the time frame in which

the Plaintiff was a male as alleged, and therefore deny for lack of knowledge.

36.     Denied.

37.     Denied.

38.     Denied.

---

1.      Count III is labeled as a state law claim for "overtime," but the substantive allegations of Count III appear to reference a minimum wage claim.  To the extent the Defendants are unable to ascertain the intended allegations given the apparent discrepancy, Defendants deny paragraphs 33-40, due to lack of knowledge as to the intended meaning.

39.     Denied.

40.     Paragraph 40 is a jury trial demand to which no response is required.

To the extent any answer above is insufficient to respond to an allegation, Defendants deny any unanswered allegation.  Defendants also deny that the Plaintiffs are entitled to the relief requested in the *ad damnum* provision of the Complaint.

## AFFIRMATIVE DEFENSES

1.     As and for their first affirmative defense, to the extent the Complaint appears to describe time periods beyond the maximum three year look back period, Defendants state that Plaintiff cannot recover compensation for work performed beyond the maximum three year lookback period under an appropriate application of the statute of limitations.  Defendants would further state that the maximum three year lookback period should not apply in this case, and that the appropriate statute of limitations is the two year period, because the Defendants in no way committed a willful violation of the FLSA.  Thus, to the extent that the Complaint seeks relief for a time period more than three years before the date of filing, such claims would be absolutely barred; and to the extent the Complaint seeks relief for a time period of less than three years, but more than two years, such claims should be barred due to a lack of willful violations. Additionally, Plaintiff's claims raised under state law are similarly barred in whole or in part under the applicable statute of limitations, because the Complaint appears to reference a time period longer than the applicable statute of limitations under state law.

2.     As and for their second affirmative defense, Defendants would state that David Martinez did not exercise sufficient supervision or operational control over the Plaintiff, and cannot be held individually liable under the FLSA.

3.     As and for their third affirmative defense, Defendants would state that the Plaintiff has failed to properly state a cause of action under either federal or state law.

4.     As and for their fourth affirmative defense, Defendants would state that the Plaintiff may be exempt under the learned professional exemption to the Fair Labor Standards Act.

5.     As and for their fifth affirmative defense, Defendants would state that the Plaintiff is exempt from the minimum wage and overtime wage requirements of the Fair Labor Standards Act, because the Plaintiff performed companionship services as defined by the FLSA. Specifically, Plaintiff provided services for the care, fellowship or protection of the elderly, and persons with physical and mental infirmities incapable of caring for themselves.  To the extent that Plaintiff provided general household services, such services did not exceed 20% of the total hours worked.

6.     As and for their sixth affirmative defense, Defendants would state that at all times they acted in good faith; had reasonable grounds to believe that their actions were in full compliance with the FLSA and all other federal and state wage requirements; and in no way willfully refused or otherwise knowingly violated any federal or state wage laws.

7.     As and for their seventh affirmative defense, Plaintiff's claims are barred in whole or in part due to the Plaintiff's failure to mitigate her damages.

8.     As and for their eighth affirmative defense, Defendants would state that if the Plaintiff intentionally manipulated the proportion of the types of work she performed intending to defeat an exemption (including the companionship services exemption), her claims should be barred due to unclean hands.

9.      As and for their ninth affirmative defense, Defendants would state that if the Plaintiff performed unauthorized types of work, or work that while authorized was performed in excess of an authorized amount, Plaintiff's claims should be barred by unclean hands.

10.      As and for their tenth affirmative defense, Defendants would state that if the Plaintiff incorrectly and inaccurately memorialized the type of work performed, or the amount of work performed, that the Defendants detrimentally relied upon the Plaintiff's representations, and the Plaintiff's claims are barred under either the doctrine of estoppel or unclean hands.

11.      As and for their eleventh affirmative defense, Defendants would state that there are no "similarly situated" third parties who may become additional plaintiffs; employees of Utopia Home Care, Inc. perform highly individualized services, which necessarily precludes a finding of similarity sufficient to form the basis of a collective or class action.  Plaintiff can also not establish the typicality requirements of class certification.

12.      As and for their twelfth affirmative defense, Defendants would state that the Plaintiff is exempt from any Florida state wage claims, in that Florida does not allow Plaintiffs to seek claims under state law where the same claim would not be recoverable under the FLSA.

13.      As and for their thirteenth affirmative defense, Defendants would state that the Plaintiff has failed to meet all conditions precedent, including giving adequate notice of the Plaintiff's contention that the Defendants violated a wage law, or that the Plaintiff intended to initiate a wage claim or action.

14.      Should facts come to light which would indicate a basis for additional affirmative defenses, Defendants hereby reserve their presumptive right to amend their affirmative defenses as appropriate.

Dated January 25, 2013

Respectfully submitted,

TRIPP SCOTT, P.A.
Attorneys for Defendants
110 S.E. 6th Street, 15th Floor
Fort Lauderdale, Florida  33301
Telephone:  (954) 525-7500
Facsimile:  (954) 761-8475

*/s/__Paul O. Lopez__*
**PAUL O. LOPEZ**
Florida Bar Number 983314
POL@TrippScott.com
**B. GEORGE WALKER**
Florida Bar Number 0071049
BGW@TrippScott.com

<u>**CERTIFICATE OF SERVICE**</u>

 **I hereby certify** that a true and correct copy of the foregoing was served electronically and via telefax on all counsel or parties of record on the attached service list this  25th day of January,  2013.

  /s/ Paul O. Lopez
**PAUL O. LOPEZ**
Florida Bar Number 983314
POL@TrippScott.com
**B. GEORGE WALKER**
Florida Bar Number 0071049
BGW@TrippScott.com

**SERVICE LIST**
**CASE NO:  8:12-CV-2428**

| | |
|---|---|
| Andrew I. Glenn, Esq.<br>AGlenn@jaffeglenn.com<br>Jodi J. Jaffe, Esq.<br>jjaffe@jaffeglenn.com<br>Jaffe Glenn Law Group, P.A.<br>12000 Biscayne Blvd., Suite 707<br>Miami, FL  33181<br>Telephone:  (954) 726-0060<br>Telefax:  (954) 726-0046<br>*Attorneys for Plaintiff* | Paul O. Lopez, Esq.<br>pol@trippscott.com<br>B. George Walker, Esq.<br>bgw@trippscott.com<br>Tripp Scott, P.A.<br>110 SE 6th Street, 15th Floor<br>Fort Lauderdale, FL  33301<br>Telephone:  (954) 525-7500<br>Telefax:  (954) 761-8475<br>*Attorneys for Defendants* |