## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| MARIA DAVILA,<br><br>        Plaintiff,<br><br>vs.<br><br>UTOPIA HOME CARE, INC., and ROBERT C FRITZ, DAVID G. MARTINEZ, and DIANE MARTINEZ, Individually,<br><br>        Defendants. | Civil Action No. 8:12-cv-02428-JDW-MAP<br><br>**AMENDED COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, MARIA DAVILA, individually and on behalf of all others similarly situated, by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants UTOPIA HOME CARE, INC., and ROBERT C FRITZ, DAVID G. MARTINEZ, and DIANE MARTINEZ, Individually, (collectively "Defendants"), and alleges as follows:

### INTRODUCTION

1.      At all times material hereto, Plaintiff performed non-exempt nursing assistant services on behalf of the Defendants in Palm Beach County, Florida, within the jurisdiction and venue of this Court.

2.      Plaintiff MARIA DAVILA was hired by Defendants in approximately February 2007, and worked for Defendants through approximately March 2012.

3.      Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiff, and those similarly situated employees, either in accordance with minimum wage laws under the FLSA, the Florida minimum wage law,

or for all overtime hours worked in a work week. Further, Defendants have retaliated against Plaintiff for filing this action, which has resulted in, amongst other things, lost wages, future lost wages, and mental and emotional distress to Plaintiff.

4.      Defendants, UTOPIA HOME CARE, INC., and ROBERT C FRITZ, DAVID G. MARTINEZ and DIANE MARTINEZ, individually, own and/or operate a company for profit in Palm Beach County, Florida, and employ persons such as Plaintiffs and other similarly situated employees to work on their behalf in providing labor for their practice.  These Defendants are within the personal jurisdiction and venue of this Court.

5.      At all times material hereto, Defendants ROBERT C. FRITZ, DAVID G. MARTINEZ and DIANE MARTINEZ, Individually, managed, owned and/or operated a home care agency, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority, ROBERT C FRITZ, DAVID G MARTINEZ and DIANE MARTINEZ, was an employer of Plaintiff as such term is defined by the Act.  29 U.S.C. §201 et seq.

6.      At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

7.       This cause of action is brought to recover from Defendants minimum wage compensation, overtime compensation, liquidated damages, lost wages, future lost wages, compensation for mental and emotional distress to Plaintiff, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

8.      Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).  The Court has supplemental jurisdiction over the Plaintiff's claims arising under state law.

9.      At all times pertinent to this Complaint, Defendants owned an operation and were an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203(s).  Based upon information and belief, the annual gross sales volume of the Defendants' business was in excess of $500,000.00 per annum at all times material hereto.

10.     Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

11.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for the period of time each day they were engaged to wait on behalf of Defendants.

12.     Additionally, as a direct result of the filing of an initial complaint for overtime and minimum wage violations, Defendants terminated Plaintiff's employment and/or failed to return her to work after she was released without restrictions by her authorized treating physician resultant from a workplace injury. MARIA DAVILA has been attempting to return to work since receiving her full duty release by her physician, in or about May, 2013, yet UTOPIA HOME CARE, INC and ROBERT C FRITZ, DAVID G MARTINEZ and DIANE MARTINEZ, individually, have refused to return her to work, in direct retaliation for the filing of the instant lawsuit.

3

13. The additional persons who may become plaintiffs in this action are Defendants' non-exempt employees who have worked on or after August 7, 2009, and did not receive the required minimum wage rate of pay or time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

14. Plaintiff has retained the Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## PARTIES

### Defendant Utopia Home Care, Inc.

15. Defendant, Utopia Home Care, Inc. ("UHC"), is a Corporation which provides services of personal care.

16. Upon information and belief, at all times relevant to this Complaint, UHC employs persons such as Plaintiff and other similarly situated employees to work on its behalf in providing labor for its benefit.

17. Upon information and belief, at all times relevant to this Complaint, UHC's annual gross volume of sales made or business done was not less than approximately $500,000.00.

18. At all times relevant to this Complaint, UHC was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**Defendant Robert C. Fritz**

19.     Upon information and belief, at all times relevant to this Complaint, Defendant ROBERT C FRITZ has been an owner, partner, officer, and/or manager of UHC.

20.     Upon information and belief, at all times relevant to this Complaint, individual Defendant ROBERT C FRITZ has had power over personnel decisions at UHC, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

21.     Upon information and belief, at all times relevant to this Complaint, individual Defendant ROBERT C FRITZ has had the power to determine employee policies at UHC, including, but not limited to, time-keeping and payroll policies.

22.     Upon information and belief, at all times relevant to this Complaint, individual Defendant ROBERT C FRITZ has had power over payroll decisions at UHC, including the power to retain time and/or wage records.

23.     Upon information and belief, at all times relevant to this Complaint, individual Defendant ROBERT C FRITZ has been actively involved in managing the day to day operations of UHC.

24.     Upon information and belief, at all times relevant to this Complaint, individual Defendant ROBERT C FRITZ has had control over, and the power to change, compensation practices at UHC.

25.     Upon information and belief, at all times relevant to this Complaint, individual Defendant ROBERT C FRITZ has had the power to stop any illegal pay practices that harmed Plaintiff.

26.     Upon information and belief, at all times relative to this Complaint, individual Defendant ROBERT C FRITZ was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed and/or jointly employed Plaintiff and similarly situated employees.

**Defendant David G Martinez**

27.     Upon information and belief, at all times relevant to this Complaint, Defendant DAVID G MARTINEZ has been an owner, partner, officer, and/or manager of UHC.

28.     Upon information and belief, at all times relevant to this Complaint, individual Defendant DAVID G MARTINEZ has had power over personnel decisions at UHC, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

29.     Upon information and belief, at all times relevant to this Complaint, individual Defendant DAVID G MARTINEZ has had the power to determine employee policies at UHC, including, but not limited to, time-keeping and payroll policies.

30.     Upon information and belief, at all times relevant to this Complaint, individual Defendant DAVID G MARTINEZ has had power over payroll decisions at UHC, including the power to retain time and/or wage records.

31.     Upon information and belief, at all times relevant to this Complaint, individual Defendant DAVID G MARTINEZ has been actively involved in managing the day to day operations of UHC.

32.     Upon information and belief, at all times relevant to this Complaint, individual Defendant DAVID G MARTINEZ has had control over, and the power to change, compensation practices at UHC.

33.     Upon information and belief, at all times relevant to this Complaint, individual Defendant DAVID G MARTINEZ has had the power to stop any illegal pay practices that harmed Plaintiff.

34.     Upon information and belief, at all times relative to this Complaint, individual Defendant DAVID G MARTINEZ was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed and/or jointly employed Plaintiff and similarly situated employees.

**Defendant Diane Martinez**

35.     Upon information and belief, at all times relevant to this Complaint, Defendant DIANE MARTINEZ has been an owner, partner, officer, and/or manager of UHC.

36.     Upon information and belief, at all times relevant to this Complaint, individual Defendant DIANE MARTINEZ has had power over personnel decisions at UHC, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

37.     Upon information and belief, at all times relevant to this Complaint, individual Defendant DIANE MARTINEZ has had the power to determine employee policies at UHC, including, but not limited to, time-keeping and payroll policies.

38.     Upon information and belief, at all times relevant to this Complaint, individual Defendant DIANE MARTINEZ has had power over payroll decisions at UHC, including the power to retain time and/or wage records.

39.     Upon information and belief, at all times relevant to this Complaint, individual Defendant DIANE MARTINEZ has been actively involved in managing the day to day operations of UHC.

40.     Upon information and belief, at all times relevant to this Complaint, individual Defendant DIANE MARTINEZ has had control over, and the power to change, compensation practices at UHC.

41.     Upon information and belief, at all times relevant to this Complaint, individual Defendant DIANE MARTINEZ has had the power to stop any illegal pay practices that harmed Plaintiff.

42.     Upon information and belief, at all times relative to this Complaint, individual Defendant DIANE MARTINEZ was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed and/or jointly employed Plaintiff and similarly situated employees.

## FACTS

43.     Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

44.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as described in this Complaint.

45.     At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

46.     This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of FLSA, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

47.     The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff are in the possession and custody of Defendants.

48.     The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

49.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the FLSA, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

50.     The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked overtime hours in one or more work periods, on or after August 7, 2009, and were improperly compensated therefore.

51.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

52.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 51 above.

53.     Plaintiff is entitled to be paid for each overtime hour worked per work period.

54.     All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

55.     Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at the statutory rate of pay for their overtime hours worked in a work period.

56.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

57.     As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

**COUNT II**
**RECOVERY OF MINIMUM WAGE UNDER THE FLSA**

58.     Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 57 above.

59.     Throughout Plaintiff's employment with Defendants, Defendants failed and refused to compensate Plaintiff at the minimum hourly wage to which she was entitled by reason of Section 6 of the Act, 29 U.S.C. § 206(a)(1).

60.     Plaintiff is entitled to be paid at the minimum hourly wage for each hour worked per work week.

61.     All similarly situated employees of Defendants are similarly owed minimum wage for each hour they worked and were not properly paid.

62.     Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to her at the required minimum wage rate for all hours worked per week.  The failure of Defendants to compensate Plaintiff at the minimum wage rate of pay for all hours worked is in violation of the FLSA.

63.     Defendants, therefore, are liable to Plaintiff, and others similarly situated, in the amount of their unpaid hours.

64.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

65.     As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT III
## RECOVERY OF DAMAGES FOR RETALIATION UNDER THE FLSA

66.     Plaintiff realleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 65 above.

67.     Defendants aforementioned conduct is in violation of the FLSA.

68.     As a direct and proximate cause of the Plaintiff's filing of the Complaint seeking overtime pay and payment of minimum wages, Plaintiff suffered damages specifically termination from her job, including but not limited to lost wages, future lost wages, and mental and emotional distress.

69.     As a result of Defendants' violations of the Act, Plaintiff is entitled to reinstatement, reinstatement pending a trial, liquidated damages, post judgment interest, compensatory damages and punitive damages, as well as attorneys' fees and costs.

## DEMAND FOR JURY TRAIL

Plaintiff demands trial by jury as to all issues so triable.


WHEREFORE, Plaintiff MARIA DAVILA, and those similarly situated to her who have or will become part of this collective action and class action, demands judgment, against Defendants, UTOPIA HOME CARE, INC and ROBERT C FRITZ and DAVID G MARTINEZ, DIANE MARTINEZ, individually, for the payment of compensation for all overtime hours at the

statutory rate of pay,  due them for the hours worked by them for which they have not been

properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for

all other appropriate relief.


Date: July 29, 2013                                      Respectfully submitted,

                                                        s/ Andrew I. Glenn
                                                        Andrew I. Glenn, Esq.
                                                        E-mail:  AGlenn@JaffeGlenn.com
                                                        Florida Bar No. 577261
                                                        Jodi J. Jaffe, Esq.
                                                        Email: JJaffe@JaffeGlenn.com
                                                        Florida Bar No. 865516
                                                        **JAFFE GLENN LAW GROUP, P.A.**
                                                        12000 Biscayne Blvd., Suite 707
                                                        Miami, Florida 33181
                                                        Telephone: (305) 726-0060
                                                        Facsimile: (305) 726-0046
                                                        *Attorneys for Plaintiff*